1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAI VANG,

11            Plaintiff,                        No. CIV-S-09-0223 FCD GGH PS

12        vs.

13   LUELLA HUDSON,

14            Defendant.                        ORDER AND FINDINGS AND

15                                              RECOMMENDATIONS

16   _____/

17            Plaintiff is proceeding in this action pro se and in forma pauperis.  This

18   proceeding was referred to this court by Local Rule 72-302(c)(21).

19   BACKGROUND

20            Presently before the court is plaintiff's amended complaint, filed May 29, 2009.

21   Plaintiff has also filed a pleading which will be construed as a motion to amend her complaint.

22   Plaintiff is informed that such a motion is unnecessary as this court ordered the filing of an

23   amended complaint, and the Federal Rules of Civil Procedure provide that a party may amend his

24   or her pleading "once as a matter of course at any time before a responsive pleading is served."

25   Fed. R. Civ. P. 15(a).  Therefore, plaintiff's motion will be denied as unnecessary.

26   \\\\\

                                              1

1       The amended complaint is 87 pages long, and although quite difficult to

2 comprehend, appears to allege discrimination in housing by defendant group of lawyers and

3 Hudson, a landlord.  (Compl. at 2, 11.)  Also very unclear is plaintiff's claim that she was

4 wrongfully evicted, as she also claims that she has been forced to live in toxic mold.  (Id. at 4, 9.)

5 Plaintiff alleges discrimination based on her disability, and retaliation.  (Id. at 3, 4.)  Her claims

6 are brought under Title II of the Americans with Disabilities Act ("ADA"), Title VIII of the Civil

7 Rights Act of 1968 commonly known as the Fair Housing Act of 1968 (42 U.S.C. § 3601 et

8 seq.), the Unruh Civil Rights Act (Cal. Civ. Code §51), and the California Toxic Mold Protection

9 Act of 2001, (Cal. Health & Safety Code § 26100 et seq.), as well as other state law claims.[1]

10 Plaintiff seeks $20 million in punitive damages against all defendants, and $350,000 in punitive

11 damages against the attorney defendants.  (Id. at 3.)

12 DISCUSSION

13       As plaintiff has been informed previously, the federal in forma pauperis statute

14 authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to

15 state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

16 immune from such relief.  28 U.S.C. § 1915(e)(2).

17       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

19 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

20 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

23 Cir. 1989); Franklin, 745 F.2d at 1227.

24 \\\\\

25

26    [1]  Because the complaint is 87 pages long, other claims may be buried within, as there is no organization to plaintiff's ramblings.

1          A complaint must contain more than a "formulaic recitation of the elements of a

2   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

3   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

4   "The pleading must contain something more...than...a statement of facts that merely creates a

5   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

6   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  The complaint must have "facial

7   plausability."  Ashcroft v. Iqlal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  In reviewing a

8   complaint under this standard, the court must accept as true the allegations of the complaint in

9   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

13  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

14  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

15  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

16  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

17      A.  Complaint not Short and Plain (Rule 8(a)(2))

18          As found with the original complaint, the court cannot determine whether the

19  complaint is frivolous or can be amended to state a claim, because it does not comply with Fed.

20  R. Civ. P. 8.[2]  Rule 8 sets forth general rules of pleading for the Federal Courts.  Rule 8(a)

21  requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a

22  short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief.

23  The complaint does not contain a short and plain statement of plaintiff's claim.

24  \\\\\

25

26      [2]  Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

3

1    The requirement of a short and plain statement means a complaint must include

2    "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever

3    v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  See Richmond v. Nationwide Cassel L.P., 52 F.3d

4    640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of

5    Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

6    Plaintiff was previously advised of the requirement of a short and plain statement

7    but failed to follow the court's directives.  Therefore, permitting her to amend once again would

8    be a futile exercise.  Aside from the lack of a short and plain statement, it is clear that plaintiff

9    could not go forward with her federal claims in any event for the reasons stated below.

10    B.  Failure to State A Claim Under the ADA

11    In order to state a claim of disability discrimination under Title II of the ADA, a

12    plaintiff must allege four elements:

13    (1) the plaintiff is an individual with a disability;  (2) the plaintiff is
      otherwise qualified to participate in or receive the benefit of some

14    public entity's services, programs, or activities;  (3) the plaintiff
      was either excluded from participation in or denied the benefits of

15    the public entity's services, programs, or activities, or was
      otherwise discriminated against by the public entity;  and (4) such

16    exclusion, denial of benefits, or discrimination was by reason of
      the plaintiff's disability.

17

18    Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002) (citation omitted).  The alleged violation

19    must have been committed by a public entity, and only the public entity can be sued.  Lonberg v.

20    City of Riverside, 571 F.3d 846, 851 (9th Cir. 2009).

21    Because none of the defendants are public entities, the Title II ADA

22    discrimination claims against them should be dismissed.

23    C.  Title VIII of the Civil Rights Act of 1968 (Fair Housing Act of 1968)

24    Title VIII of the Civil Rights Act of 1968 commonly known as the Fair Housing

25    Act of 1968 broadly prohibits discrimination in housing.  42 U.S.C. § 3601 et seq.  Plaintiff's

26    claim that defendants forced her to live in housing that contained toxic mold or thereafter evicted

4

1   her, does not state a housing discrimination claim.  In other words, plaintiff does not allege that

2   defendants refused to rent her housing for discriminatory reasons.

3          D.  State Law Claims

4                  Accordingly, this court finds that plaintiff has failed to articulate a cognizable

5   federal claim and therefore recommends that her complaint be dismissed on that basis.

6   Furthermore, as there is no federal claim remaining, this court declines to exercise supplemental

7   jurisdiction over plaintiff's possible state law claims.  See 28 U.S.C. § 1367(c)(3) (The district

8   courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has

9   dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates,

10  Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law

11  claims are eliminated before trial, the balance of factors . . . will point toward declining to

12  exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon

13  University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

14  CONCLUSION

15                 Accordingly, IT IS ORDERED that plaintiff's "pleading, memorandum,

16  declaration in support of motion leave to file amendment of complaint," (dkt. #9), is denied as

17  unnecessary.

18                 IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice

19  for lack of subject matter jurisdiction, and that the court decline to exercise jurisdiction over

20  plaintiff's state law claims.

21                 These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

23  after being served with these findings and recommendations, plaintiff may file written objections

24  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

25  and Recommendations."  Plaintiff is advised that failure to file objections within the

26  \\\\\\

1   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2   F.2d 1153 (9th Cir. 1991).

3   DATED: 10/07/09                                    /s/ Gregory G. Hollows

4                                                      _____

5                                                      GREGORY G. HOLLOWS
    GGH:076                                            UNITED STATES MAGISTRATE JUDGE
6   Vang0223.amd.wpd